UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>ZHE CHANG,<br>SSN: xxx-xx-9122,<br>JING XIE,<br>SSN: xxx-xx-3828,<br><br>  Debtors. | Case No. 25-10065-JGR<br>Chapter 11 (Subchapter V) |

**ORDER DENYING DEBTORS' EMERGENCY MOTION TO STAY FORECLOSURE PROCEEDINGS, VACATE RELIEF FROM STAY, AND ENJOIN THE ISSUANCE OF PUBLIC TRUSTEE'S DEED**

THIS MATTER is before the Court on the Debtors' Emergency Motion to Stay Foreclosure Proceedings, Vacate Relief from Stay, and Enjoin the Issuance of Public Trustee's Deed ("Emergency Motion"), filed on February 17, 2026 (Doc. 124).

**Procedural Background**

The Debtors filed a voluntary petition under Chapter 11 Subchapter V on January 7, 2025 (Doc. 1). On the same day, the Debtors filed a Subchapter V Status Report indicating their residence was currently in foreclosure, prompting the filing of the bankruptcy case to stay a scheduled foreclosure sale on January 8, 2025, and to allow the Debtors time to collect on a foreign judgment (Doc. 10).

On February 25, 2025, the Court held a status conference pursuant to 11 U.S.C. § 1188, where it became apparent that the Debtors failed to make post-petition mortgage payments for January and February. On March 12, 2025, the United States Trustee filed a Motion to Expand the Subchapter V Trustee's Duties (Doc. 45), which was approved on March 28, 2025 (Doc. 54). In connection with the expanded duties, the Subchapter V Trustee's retainer was increased from $3,000 to $8,000. The stipulation further provided the deadline for the filing of the Debtor's Chapter 11 Subchapter V Plan of Reorganization would be extended until 45 days after the Subchapter V Trustee filed his report.

On June 25, 2025, the Subchapter V Trustee filed his first status report. The Trustee indicated that some tax documentation had been received but additional information was required concerning business entities and foreign bank accounts.

On July 15, 2025, FirstBank filed a Motion for Relief from Stay with respect to the Debtors' residence (Doc. 67). The Motion alleged the Debtors made no post-petition payments on the note since April of 2025. The Motion was resolved by a stipulation providing for the payment of $39,359.76, representing monthly payments due for May,

June, July, and August, to be made by February 8, 2026. The stipulation further provided the Debtors would timely make required payments under the note beginning September 21, 2025. The stipulation (Doc. 74) was approved by order entered August 8, 2025.

On November 21, 2025, the Subchapter V Trustee filed a Second Status Report (Doc. 102). Among other conclusions related to the investigation of the Debtors' financial affairs, the Trustee concluded that: "the Debtors are struggling to generate enough cash to pay their bills, let alone service additional secured loans (Jang and CSIP who are owed nearly $1.8m)" (paragraph 12). Overall, the report concludes the Debtors' success hinges on their ability to collect on the judgments (paragraph 22). The report also indicated that no portion of the enhanced retainer ($5,000) had been received (paragraph 2).

On December 12, 2025, Il Sun Jang filed a Motion for Relief from Stay (Doc. 105) with respect to the Debtors' residence. Il Sun Jang holds a junior security interest in the residence. The Motion alleged no post-petition payments were made on the note and by its terms, the note matured on September 1, 2025. Further, cause existed for relief under 11 U.S.C. § 362 (d)(1) for lack of adequate protection and under 11 U.S.C. § 362 (d)(2) as no equity existed in the property and the property was not necessary for an effective reorganization.

The Debtors objected to the Motion for Relief from Stay (Doc. 107), arguing the value of the residence was $3,100,000 and equity existed in the property to provide adequate protection. In addition, the Objection proposed making adequate protection payments of $4,000 at the end of March 2026 with a one-time payment of $10,000 by April 30, 2026.

A hearing on the Motion for Relief from Stay was conducted on December 23, 2025, at which the Court received offers of proof from the parties and admitted relevant exhibits. The Court found cause existed for relief from stay for lack of adequate protection under 11 U.S.C. § 362 (d)(1) and (d)(2). The Movant had not received any post-petition payments, and the note had matured, causing a lack of adequate protection. The Court found property does not have equity after factoring in all of the liens against the property and costs of sale and the property is not necessary to an effective reorganization. The Debtors had been in bankruptcy for a year and have not collected any monies from the foreign judgment, causing any proposed plan to be speculative. No plan has been proposed by the Debtors, the Debtors have failed to comply with the required Chapter 11 reporting obligations, including the failure to file Monthly Operating Reports for the months ending October 2025, November 2025, and December 2025, and have failed to pay the Subchapter V Trustee's enhanced retainer. Additionally, the monthly operating reports on file showed a profits and losses were at a break-even level.

The Order Granting Relief from Stay was entered on December 24, 2025 (Doc. 111), subject to the 14-day automatic stay provided by Fed.R.Bankr.P. 4001 (a)(3). The Order became final on January 7, 2026.

On January 13, 2026, the Court entered an order granting Debtors' counsel to withdraw (Doc. 119).

On January 27, 2026, the Court entered an Order for Debtors to File Status Report (Doc. 121), requiring the Debtors to file a status report on or before February 11, 2026, indicating whether they intend to pursue their Chapter 11 Subchapter V case and if so, what efforts are being taken to further prosecution of the case. The order specifically provided in the event that no status report was timely filed, the Court would enter an order dismissing this case without further notice or hearing.

The Debtors failed to timely file a status report and on February 17, 2026, at 12:47 p.m., the Court entered an Order Dismissing the Case (Doc. 123).

On the same day, the Debtors hand-filed their Emergency Motion. The Court's records reflect the Emergency Motion was received at 12:54 p.m. (Doc. 124).

The Emergency Motion seeks a stay of the issuance of a confirmation deed and all other foreclosure-related activities concerning the Debtors' residence. The Emergency Motion also seeks to vacate the Order Granting Relief from Stay.

For the first time, in the Emergency Motion, the Debtors claim the loan was based on predatory lending instruments currently under litigation. They claim their former counsel did not adequately represent their interests in the bankruptcy case. They claim there would be equity in the residence once the purported illegal loan was set aside. They claim a proposed witness endorsed at the preliminary hearing was a straw lender. They claim improprieties with creditor's counsel representing two lenders in the bankruptcy case. Finally, and again, for the first time, the Debtors argue payments were demanded from the Debtors, and those payments were made from funds meant to pay for their father-in-law's medical treatments prior to his death in March 2025.

## Legal Standard

The Federal Rules of Civil Procedure provide that a litigant subject to an adverse judgment may file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). Fed.R.Bankr.P. 9023 and 9024 incorporate Fed.R.Civ.P. 59 and 60, respectively. Although Fed.R.Civ.P. 59(e) permits a motion to alter or amend a judgment to be filed within 28 days of the entry of the judgment, Fed.R.Bank.P. 9023 requires that motions under Rule 59 "must be filed within 14 days after the judgment is entered." Fed.R.Bankr.P. 9023.

Plaintiff is acting as a pro se litigant and the Court has liberally construed and held the Plaintiff to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

The Debtor's Emergency Motion was filed on February 17, 2026, 41 days after the Judgment became final. Accordingly, the Emergency Motion is construed as a Motion Seeking Relief from the Judgment Pursuant to Fed.R.Civ.P. 60(b).

Fed.R.Civ.P. 60(b) provides six enumerated grounds for relief:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024.

"Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances." *Richter*, 481 B.R. 682 (citing *LaFluer v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. v. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F,2d 1437, 1440 (10th Cir. 1990)).

## Analysis

Debtors assert that emergency relief is necessary but fail to identify specific provisions of Fed.R.Civ.P. 60(b). The Emergency Motion claims new and additional grounds for objection to the Motion for Relief from Stay exist which were not presented at the hearing conducted on December 23, 2025. The arguments presented at the hearing in opposition to the Motion for Relief from Stay consisted of claims that equity existed in the property to provide adequate protection and that future collections from the foreign judgment would allow for additional adequate protection payments. Those arguments were considered and rejected.

Six claims are raised in the Emergency Motion.

First, the Debtors claim the foreclosure is "based on predatory lending instruments that are currently under litigation." The Debtors' Objection to the Motion for Relief from Stay did not raise claims of predatory lending. The Debtors did not dispute the secured debt at the hearing. To the extent the Debtors claim litigation is pending, the litigation was not disclosed in the Debtors' Statement of Financial Affairs or Schedule A/B: Property. If litigation is in fact pending, injunctive relief can be sought in that forum.

4

The second ground for relief raised in the Emergency Motion raises a claim for ineffective assistance of counsel. To the extent that such claim exists, the Debtors' recourse is to pursue damages arising from the claim in an appropriate forum.

The third claim argues that equity exists in the residence. The Debtors argue the claims of predatory lending would invalidate liens against the property. The claim was not raised in the Debtors' Objection or at the hearing on the Motion for Relief from Stay.

The fourth claim raised by the Debtors is based on a conclusory statement that the endorsement of Ick Soo Pang, Attorney in Fact for Il Sun Jang, evidences a predatory enterprise. The claim was not raised in the Debtors' Objection or at the hearing on the Motion for Relief from Stay.

The fifth claim argues in a conclusory statement that the lien priority of Il Sun Jang was somehow manipulated, referencing correspondence identifying two sources of funding for the $800,000 loan. The $800,000 promissory note and the Deed of Trust were attached to the Motion for Relief from Stay. The claim that Il Sun Jang's attorney also represented another secured creditor is not well-founded because such simultaneous representation of two creditors is not prohibited.

The Debtors' sixth claim reads: "Predatory demands extracted $64,000 in payments and $15,000 in legal costs—all from the terminal cancer treatment funds of the Debtors' father-in-law, Mr. Xie. Mr. Xie passed away in late March 2025 after his life savings funds were diverted to satisfy these demands." If, taken as true, the Court cannot ascertain how the Debtors' misappropriation of their father-in-law's funds to satisfy their obligations creates grounds for objecting to the Motion for Relief from Stay. The claim was not raised in the Debtors' Objection or at the hearing on the Motion for Relief from Stay.

Grounds do not exist to vacate the Order for Relief from Stay under Rule Fed.R.Civ.P. 60(b).

(1) The Emergency Motion does not allege mistake, inadvertence, surprise, or excusable neglect.

(2) The grounds raised in the Emergency Motion were all known prior to the hearing on the Motion for Relief from Stay. The grounds are not based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

(3) The Emergency Motion does not allege with specificity fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

(4) The grounds raised in the Emergency Motion do not establish the judgment is void. Fed.R.Civ.P. 60 (b)(4) is an extraordinary remedy "reserved for the 'rare instance' where a judgment is based on a jurisdictional error or a due process violation that deprived a party of 'notice or the opportunity to be heard.'" *United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

(5) The Emergency Motion does not allege the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

(6) The Emergency Motion fails to establish any other reason that justifies relief.

Each of Debtors' arguments for relief from judgment under Fed.R.Civ.P. 60(b) fail. The Debtors' dissatisfaction with the judgment is insufficient grounds for relief. The Debtors failed to timely appeal the Order Granting the Motion for Relief from Stay. Fed.R.Civ.P. 60(b) is not a substitute for the filing of a timely appeal.

In addition to seeking to vacate the Order Granting the Motion for Relief from Stay, the Emergency Motion seeks injunctive relief in the form of a stay against the Boulder County Public Trustee from issuing a confirmation deed and a stay preventing further foreclosure related actions concerning the Debtors' residence. Fed.R.Bankr.P. 7001(g) requires the filing of an adversary proceeding to obtain an injunction or other equitable relief. Therefore, it is

ORDERED that the Debtors' Emergency Motion to Stay Foreclosure Proceedings, Vacate Relief from Stay, and Enjoin the Issuance of Public Trustee's Deed, filed on February 17, 2026 (Doc. 124) is DENIED.

Dated this 20th day of February, 2026.

BY THE COURT:

Joseph G. Rosania, Jr.
United States Bankruptcy Judge